## BILBERRY, Adm'rx vs. MOBLEY.

1. The fact that a creditor was unable to collect his debt is evidence tending to show the insolvency of the debtor, and is admissible for that purpose; but it may be explained by showing that the inability to collect did not result from the debtor's inability to pay.

2. The declarations of one in possession of personal property, as to the ownership, are not evidence of the condition of the same property more than three years before the declarations were made.

Error to the Circuit Court of Dallas.

Tried before the Hon. E. Pickens.

This was a trial of the right of property of cotton, which had been levied on by an execution against Isham Bilberry, originally claimed by Henry Bilberry, and the proceedings continued after his death by the defendant as his administratrix. The bill of exceptions shows that the plaintiff below

Bilberry Adm'rx. v. Mobley.

offered to prove the insolvency of the defendant in execution, by proof of the fact, that he was owing money to a witness who was introduced, and that such witness had not been able to collect it from him, without producing any execution returned "*nulla bona.*" This evidence was objected to, but the objection was overruled, and the evidence admitted.

The plaintiff's execution was issued by a justice of the peace in December, 1847, and there was evidence tending to prove that the property levied on had been sold to the defendant's intestate, Henry Bilberry, for a mare. The plaintiff offered to prove that during the year 1851, the defendant, acting as administratrix of Henry Bilberry, claimed the mare as her individual property, to which the defendant also objected, but the objection was overruled, and the testimony admitted. The admission of the evidence objected to, is here assigned for error.

GEORGE W. GAYLE, for plaintiff in error.

1. The evidence of the insolvency of the defendant in execution was improperly admitted. The insolvency of a party cannot be shown by the fact that *one man* could not collect his debt. It may have been that the defendant in execution was out of the State, or had moved away. The record does not show that the witness had ever brought suit, or run an execution, or that the defendant was " embarrassed." Parker v. Branch Bank at Montgomery, 5 Ala. Rep. 731.

2. The declarations of the administratrix, as to the ownership of the property, were improperly admitted; first, because she made the declaration as administratrix, and of course it could not bind the estate; secondly, because the declaration was made more than three years after the claim was interposed, and after the issue in the claim suit was made up.

CAMPBELL & BIRD, *contra.*

1. The declarations of ownership were admissible, being made by one in possession. Oden v. Stubblefield, 4 Ala. Rep. 40; Bliss v. Winston, 1 ib. 344; Mobley v. Bilberry, 17 ib. 428.

2. There was no error in admitting the evidence of the insolvency of the defendant in execution. 5 Ala. Rep. 731.

GOLDTHWAITE, J.—The first question presented on the record is simply, if evidence that a creditor was unable to collect his debt was admissible to show the insolvency of the debtor. We are of opinion that it was. This evidence, standing by itself, and without explanation, warrants any inference which could have been drawn from it, had a demurrer been interposed, and in that case the cause of the inability of the creditor to collect might have been legitimately referred to the want of ability on the part of the debtor to pay. The party against whom the evidence was offered, could have protected himself fully by a cross-examination, and have shown that the failure of the creditor to collect was not in fact owing to the inability of the debtor to pay, or he could have insisted before the jury on the insufficiency of the evidence. There was no error in admitting this testimony.

2. The evidence that the administratrix, more than three years after the execution had issued, by which the property was levied on, while acting as the representative of the claimant, had asserted her individual ownership of the mare for which the cotton had ostensibly been sold, was improperly admitted. There was evidence tending to show a sale of the cotton to Henry Bilberry, and the only object in the introduction of this testimony, that we can perceive, was to show a state of facts inconsistent with an actual and *bona fide* sale, and thus proving that it was fraudulent. The sale must have been before the levy, and the claim of the property constituting its consideration, by the administratrix of the party to whom it was made, at an interval of more than three years, is of itself too remote to authorize any legitimate conclusion of the condition of the same property at the time of the sale. The evidence was therefore irrelevant, and as it may have prejudiced the party against whom it was admitted, it is an error for which the judgment must be reversed, and the cause remanded.